# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| JAMES DIVERS | CIVIL ACTION NO. 07-2030 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, | MAG. JUDGE KAREN L. HAYES |
| LOUISIANA STATE PENITENTIARY | |

## RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* [Doc. No. 1] filed by

Petitioner James Divers ("Divers"), pursuant to 28 U.S.C. § 2254.  Divers is currently serving

two consecutive life sentences after having been convicted of the April 1988 murders of Winston

Vandervield and Simmie Lee Stevenson.

On August 17, 2010, Magistrate Judge Karen L. Hayes issued a Report and

Recommendation [Doc. No. 34], recommending that the Court deny Divers' six claims[1]: (1) that

he was denied his due process rights because the trial court did not require the State to identify an

anonymous tipster and did not allow Divers to call her at trial; (2) that he was denied his Sixth

Amendment right of self-representation; (3) that he was denied his right to speedy trial; (4) that

he was denied his due process rights because of prosecutorial misconduct; (5) that he was denied

his right under the Confrontation Clause to cross-examine Donald Elledge, a jailhouse informant,

and Everett English, the other man involved in the killings;[2] and (6) that his Sixth Amendment

rights were violated because he was convicted by a non-unanimous jury (10-2).

---

[1]Divers abandoned a seventh claim. [Doc. No. 34, p. 5].

[2]English was separately convicted of manslaughter and sentenced to two consecutive
sentences of 21 years at hard labor.

The Court has considered the Report and Recommendation and the entire record in this matter, including Divers' objections.  The Court finds that the Magistrate Judge's analysis is correct and hereby ADOPTS her Report and Recommendation with regard to Divers' first, second, fourth, fifth, and sixth claims.  With regard to Divers' third claim, that he was denied his right to a speedy trial, the Court agrees with the Magistrate Judge's conclusion and with her general statement of the law under *Barker v. Wingo*, 407 U.S. 514 (1972).  However, the Court issues this Ruling to address and clarify the analysis under the first *Barker* factor.

Divers was indicted by a grand jury on July 6, 1988, of two counts of first degree murder.  Prior to trial, Divers filed a motion to quash the grand jury indictment, alleging racial discrimination in the selection of the grand jury.  The trial court dismissed the motion, and Divers was convicted of two counts of first degree murder in 1991.  On September 12, 1991, Divers was sentenced to death by lethal injection.

Divers appealed his conviction and sentence directly to the Louisiana Supreme Court.  On September 5, 1996, the Louisiana Supreme Court found that the trial court had committed reversible error by refusing to excuse two jurors on the basis of cause challenges.  *State v. Divers*, No. 94-KA-0756 (La. 1996); 681 So.2d 320.  The Louisiana Supreme Court reversed Divers' conviction and sentence, pretermitted review of any other assignments of error, and remanded the case to the Fourth Judicial District Court for a new trial.

On April 24, 1998, Divers filed a motion to quash the indictment as untimely under LA. CODE CRIM. PROC. ANN. art. 582, arguing that more than one year had passed from the Louisiana Supreme Court's decision remanding to the trial court, and he had not yet been tried.  On January 5, 1999, the trial court issued a written ruling denying Divers' motion, ruling that, during an August 11, 1997 hearing, Divers waived the running of all prescriptive periods and, after that,

2

trial was continued twice at Divers' request.

However, on September 20, 1998, Divers also moved to quash the July 6, 1998 indictment on the basis of racial discrimination in the selection of grand jury forepersons. This time, after hearing from both parties, the trial court quashed Divers' indictment, but noted that the State could obtain a superseding indictment. The State's appeal to the Second Circuit Court of Appeals was rejected in 2001. The State then sought writs with the Louisiana Supreme Court, which were denied in 2002. *State v. Divers*, 793 So.2d 308 (La. Ct. 2 App. 2001), *writs denied*, 823 So.2d 937 (La. 2002).

On September 26, 2002, Divers was reindicted and again charged with first degree murder. However, on February 6, 2003, the indictment was amended, and Divers was charged only with second degree murder. In return, Divers agreed to dismiss all pending motions. His second trial was held June 2-14, 2003. On June 14, 2003, he was found guilty of two counts of second degree murder by a jury vote of 10-2.

Divers again appealed his conviction and sentence. On November 24, 2004, the Second Circuit affirmed Divers' conviction. *See State v. Divers*, No. 38,524-KA (La. App. 2 Cir. 11/23/04); 889 So.2d 335. In its opinion, the Second Circuit addressed Divers' speedy trial claim as follows:

> . . . The defendant argues this right was violated on August 11, 1997, when, [Wilson] Rambo, his counsel from his first trial, made an appearance on behalf of his present counsel, [Neal] Walker, waived the defendant's presence, and signed a joint continuance for the defendant on Walker's behalf. The joint motion requested that trial be reset for September 29, 1997, and expressly waived the running of all applicable prescription periods on the defendant's behalf.
>
> Rambo appeared in several other requests for continuances, all without objection by the defendant . . . . At the hearing on the motion [to quash], evidence established that after the new trial was ordered, the serious injuries sustained by the defendant's counsel, Walker, restricted his ability to attend court or prepare

for trial. On August 4, 1997, another local counsel "stood in" for the defendant's trial counsel and had the matter passed to August 11, 1997. On August 11, 1997, Rambo "stood in" for Walker and signed the previously mentioned joint motion to continue the matter. The joint motion was prepared with Walker's name. The testimony at the hearing also established that Walker was aware that the joint motion contained the waiver language and that Rambo had signed it for him.

The defendant waited until after Rambo had made numerous other appearances on his behalf and had been appointed co-counsel before objecting to Rambo standing in on his behalf . . . .

 . . . Rambo acted on the defendant's behalf when he moved for continuances of trial.  This includes the continuance motion containing the waiver of all prescriptive periods.

*State v. Divers,* 38524 (La. App. 2 Cir. 11/23/04); 889 So.2d 335.

In her Report and Recommendation, the Magistrate Judge cited and applied the four-factor test set forth in *Barker v. Wingo*, 407 U.S. 514, 521 (1972), to determine if Divers' speedy trial rights were violated.  The Court agrees with the Magistrate Judge that *Barker* is the controlling precedent and that the Court should consider the four factors in evaluating and assessing constitutional speedy trial claims: (1) length of delay, (2) government's reason for delay, (3) defendant's diligence in pursuing a right, and (4) prejudice to defendant.  If the first three factors weigh heavily in a defendant's favor, prejudice may be "presumed."  *See Barker*, 407 U.S. at 521; *see also United States v. Serna-Villarreal*, 352 F.3d 225, 231 (5th Cir. 2003).

With regard to the first factor, a delay of only seventeen months had elapsed since the Louisiana Supreme Court ordered a new trial for Divers.  [Doc. No. 34, p. 13].  The Magistrate Judge found that "under Fifth Circuit precedent, delays must be of at least five years for a defendant's speedy trial claim to warrant relief." [Doc. No. 34, p. 13 (citing *Serna-Villarreal*, 352 F.3d at 232)].  The Court DECLINES TO ADOPT this conclusion.  *Serna-Villarreal* states

that the Fifth Circuit and other courts "**generally** have found **presumed prejudice** only in cases in which the post-indictment delay lasted at least five years," but the Fifth Circuit has never stated that delays **must be** of at least five years to warrant relief.  352 F.3d at 232  (emphasis added).  However, this Court, like the Magistrate Judge, finds that a delay of seventeen months is "too short" for the Court to presume prejudice based on duration alone.  This factor does not weigh in Divers' favor.

With regard to the remaining *Barker* factors, the Court agrees with and ADOPTS the Magistrate Judge's analysis and conclusion.[3]   Thus, the Court finds that Divers is not entitled to relief on his speedy trial claim.

Thus, for the reasons stated in the Report and Recommendation of the Magistrate Judge and for those reasons stated in this Ruling, Diver's Petition for Writ of *Habeas Corpus* [Doc. No. 1] is hereby DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 26th day of October, 2010.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

---

[3]The Court notes that Divers did not demonstrate actual prejudice, so he would be entitled to a presumption of prejudice only if the first three *Barker* factors weighed heavily in his favor. *Serna-Villarreal*, 352 F.3d at 230-31.

5